ZINTER, Justice
(dissenting).
[¶ 17.] If there were ever a case where rebuttal evidence regarding the availability of medical insurance coverage (not receipt of insurance benefits) was necessary for a fair trial on a material issue raised by an opposing party, this was the case. The severity of Cruz’s injuries and his complaints of ongoing pain were the central issue of this case; and, Cruz’s trial strategy was to assert that despite his claimed injury and pain, he did not seek medical treatment because he could not afford it. As the Court concedes, Cruz utilized this trial strategy from opening statement, to his testimony elicited by his own counsel, and through final argument. See supra ¶¶ 5-6. To contradict this evidence, Groth’s offer of proof reflected that there was approximately $900 in medical payment benefits available and Cruz also had health insurance through his wife’s employment that would have paid for treatment. Cruz’s attorney did not dispute the offer of proof. On the contrary, he admitted $920 of medical pay would have been available.[1] See supra ¶ 4. The problem is that the circuit court precluded this rebuttal evidence by granting a motion in limine before trial. Consequently, the circuit court ruled before Cruz’s trial strategy had opened the door to the rebuttal evidence; and, as this Court concedes, the result was that “plaintiffs counsel, armed with the circuit court’s in limine ruling, could argue free of contradiction that his client could not afford treatment despite his complaints of continuing medical problems.” Supra ¶ 12. Under these unique circumstances, I respectfully dissent.
[¶ 18.] In our last case involving the related issue of collateral source payments, the opinions of the Court reflect that exclusion of collateral source evidence may constitute an abuse of discretion when a plaintiff “open[s] the door ... to introduce evidence of collateral sources.” Jurgensen v. Smith, 2000 SD 73, ¶ 18, 611 N.W.2d 439, 442. Jurgensen was a split decision. Although the two lead writers affirmed the exclusion of collateral source evidence, they did so only because that plaintiff had merely offered general evidence of his “financial status [, which] was ... not enough to warrant a finding of abuse of discretion by the trial court.” Id. ¶ 19, 611 N.W.2d at 442. In a special concurrence, then Chief Justice Miller explained: “Because [the plaintiffs] testimony was not shown to be false or misleading, no exception to the collateral source rule was warranted or worthy of consideration.” Id. ¶ 36, 611 N.W.2d at 444 (Miller, C.J., concurring specially). The two dissenting Justices would have allowed the evidence because they believed the plaintiff had presented *816 misleading financial evidence. Id. ¶¶ 37, 44, 611 N.W.2d at 444, 447 (Amundson, J., dissenting). Thus, this Court recognized the exception to the collateral source rule in Jurgensen. The disagreement was limited to whether the door had been sufficiently opened by the plaintiffs mere reference to his financial condition.
[¶ 19.] In this case, there is no dispute that Cruz went well beyond a mere reference to his financial condition. After obtaining the in limine ruling, Cruz affirmatively argued and offered proof that although he claimed his injuries were severe and his pain was ongoing, his failure to seek the associated, necessary medical treatment was justified because he could not afford it. This made Cruz’s justification claim a material issue that the jury had to resolve. Indeed, the circuit court permitted written juror questions, and following Cruz’s testimony, one juror asked the court to inquire of Cruz whether his wife’s job “provided medical benefits? If so, why didn’t he get help if he had pain?” Pursuant to its in limine ruling, the court did not allow the question. And ultimately, because of the court’s rulings, Cruz was permitted to affirmatively interject inability to pay as a justification for conduct that was inconsistent with his claimed injury and pain without ever being cross-examined on the asserted justification.
[¶ 20.] Therefore, unlike Jurgensen, Cruz clearly opened the door by making his financial ability to obtain treatment a central issue in his case. Furthermore, as previously noted, Cruz’s counsel admitted Groth’s offer of proof regarding the availability of medical payment benefits. Therefore, at least with respect to medical payments coverage, the proffered rebuttal evidence directly refuted a material issue that Cruz himself had raised, and there was no danger of a mini-trial on the side issue of coverage.[2] Nevertheless, the Court does not find Groth’s offer of proof “sufficiently compelling” to allow Groth to rebut Cruz’s claimed financial inability to obtain medical treatment. See supra ¶ 1. Under these circumstances, what more “sufficiently compelling” offer of proof would this Court require? Considering Cruz’s trial strategy of using argument and testimony alleging inability to pay for necessary treatment as a justification for conduct that was inconsistent with his claimed injury and pain, and considering Groth’s uncontested offer of proof, the rebuttal evidence was necessary for a fair trial. As the Minnesota Supreme Court explained in adopting the exception to the collateral source rule:
[W]hen a plaintiff, through either the use of misleading statements or outright false statements, falsely conveys to the jury that he or she is destitute or in dire financial straits, the admission of evidence of collateral source payments received by the plaintiff is permitted. We note that when a party “offers evidence that certain conditions exist, he cannot complain that the court permits his evidence to be rebutted.”
Kroning v. State Farm Auto. Ins. Co., 567 N.W.2d 42, 46 (Minn.1997) (citations omitted).
*817 [¶ 21.] The Third Circuit Court of Appeals considered a remarkably similar case in which a plaintiff affirmatively claimed financial inability to obtain medical treatment for his claimed injuries. In Gladden v. P. Henderson & Co., 385 F.2d 480, 482 (3rd Cir.1967), the plaintiff volunteered testimony on direct examination that he did not return to his doctor because “my bills got behind and when I went back to work, that was one of the main reasons I went back to work, was to try to catch my bills up' and support my family.” The Third Circuit held that the defendant was not required to leave this testimony unchallenged: “The barriers which have been created against the admission of otherwise relevant evidence because of its prejudicial effect do not extend to the affirmative volunteering by a plaintiff of testimony which breaks into this restrictive area.” Id. at 483-84. The court noted: “To have forbidden such cross-examination would have conferred on plaintiff the unparalleled right to give testimony on direct examination with immunity from inquiry on cross-examination.” Id. at 483. As the Supreme Court of Missouri noted in a similar case, when a plaintiff injects his financial condition in connection with failure to obtain treatment, the opposing party is entitled to show that other financial assistance was available. Moore v. Missouri Pac. R.R. Co., 825 S.W.2d 839, 843 (Mo.1992). “[I]t is the raising of plaintiffs financial condition with the jury that permits the opposing party to attack his claims of financial distress by showing that other financial assistance was available.” Id.
[¶ 22.] By his trial strategy, Cruz could not have made a clearer case for admission of Groth’s rebuttal evidence. This was not a case where malingering was raised as a defense pretext to admit evidence of insurance. This was a case in which Cruz affirmatively asserted his financial inability to pay as an argument to justify his failure to seek treatment and bolster his claims of injury and pain. Therefore, notwithstanding this Court’s facial recognition of an “exception to the general rule of exclusion where the evidence is sought to prove malingering,” supra ¶ 11, the result of today’s decision is that the recognized exception may never be utilized in this jurisdiction. After all, as previously noted, there was no dispute or asserted potential confusion over the availability of medical payment benefits, and this Court concedes that this case involves a situation in which “plaintiffs counsel, armed with the circuit court’s in limine ruling, could argue free of contradiction that his client could not afford treatment despite his complaints of continuing medical problems.” Supra ¶ 12. If rebuttal evidence of available insurance coverage is not admissible in such a case involving a plaintiffs affirmative attempt to bolster his own claim, then no case can satisfy this Court’s standard.
[¶ 23.] I acknowledge our abuse of discretion standard of review, but as previously noted: “The barriers which have been created against the admission of otherwise relevant evidence because of its prejudicial effect do not extend to the affirmative volunteering by a plaintiff of testimony which breaks into this restrictive area.” Gladden, 385 F.2d at 483-84. Furthermore, although the collateral source rule is well-established and we remain skeptical of exceptions, the circuit court’s refusal to reconsider its ruling in limine impermissibly allowed simultaneous use of the collateral source rule as both a sword and a shield:
[T]he collateral benefit rule cannot be made a springboard from which a plaintiff may go forward with affirmative evidence that he [acted in any way inconsistent with his claim that] he was still *818 ailing, because of financial need and then seek immunity from cross-examination regarding it. The boundary of silence was crossed when plaintiff affirmatively presented on direct examination the reason why he had [acted inconsistently] and had not again visited his physician.
Id. at 484. The circuit court’s rulings reflect that although it considered the reasons for the general rule of exclusion, it did not consider the rules for application of the exception.
[¶ 24.] Although trial courts do not abuse their discretion when merely allowing or disallowing questionable evidence, an abuse of discretion occurs in misapplication of the rules. Kaiser v. Univ. Physicians Clinic, 2006 SD 95, ¶ 29, 724 N.W.2d 186, 194. I would hold that the circuit court misapplied the collateral source rule when, after granting a routine motion in limine, the court failed to consider and apply the recognized exception in such a clear case. I would reverse and remand for a new trial.
[¶ 25.] GILBERTSON, Chief Justice, joins this dissent.

. With respect to Cruz's health insurance through his wife’s employment, Cruz argued that this evidence could be confusing because of “subrogation issues.” Groth responded that he only wished to disclose that health insurance coverage would have been available for the claimed ongoing pain. Groth clearly stated that he was not proposing to offer evidence of insurance payments, and therefore, there would be no subrogation argument that could have reduced Cruz’s damage claim for medical expenses that had been incurred.

. For this reason, this Court's litany of hypothetical insurance questions, see supra ¶ 12, does not justify exclusion of the medical payment evidence. None of this Court's hypothetical questions pertaining to medical payments coverage were raised at trial.
With respect to health insurance, Cruz only indicated that there were periods of time coverage was not in effect. It would not have been a confusing or complicated matter for Cruz, if he really claimed no health insurance coverage during certain periods, to simply tell the jury when he had no coverage through his wife's employment.